UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-40046-TSH |
| BRYAN LARSON ) | |
| ) | |
| Defendant ) | |
| ) | |

# FINDING AND ORDER ON DEFENDANT'S MOTION FOR FRANKS HEARING AND DEFENDANT'S MOTION TO SUPPRESS

May 26, 2017

INTRODUCTION

On June 12, 2015 a search warrant was executed at 11 Manchaug Street, in Douglas, Massachusetts. Digital media seized during the search of that residence contained child pornography. The defendant, Bryan Larson, is charged with the possession of those images and seeks to suppress the fruits of that search warrant, or in the alternative for a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978). For the reasons set forth those motions are **denied.**

STATEMENT OF FACTS

A warrant to search Mr. Larson's residence was issued on June 11, 2015 by Magistrate Judge Hennessy. That warrant was based upon an affidavit authored by Homeland Security Special Agent Edward Bradstreet. That affidavit related that approximately two weeks before the application for the search warrant, an investigator from the Royal Canadian Mounted Police's National Child Exploitation Coordination Centers' Victim Identification/Undercover Unit was

1

reviewing a Russian based website in which many users share suggestive images of minor children. While reviewing the accounts on that website, the RCMP investigator saw that an individual with the user name "ilovemackenzie" was displaying three photo album files. File one was entitled "Kenzie", file two was called "my toy", and file three was called "new and nice."

The "Kenzie" album contained images of a pre-pubescent female who appeared to be approximately 5 years old, and a pre-pubescent male. Those images were not pornographic. The album file "my toy" contained multiple images of a smaller sized human torso with a vagina and anus. In some of those images the torso is being penetrated by an erect adult male penis, or the penis is depicted on top of the torso. In some of the images the torso is partially clothed with children's Cinderella underwear. In the affidavit, Agent Bradstreet referred to the torso as a "life-like infant torso." The third album file entitled "new and nice" contained non-pornographic images of children who appeared to be under 5 years old. The individual with the username "Ilovemcdenzie" was displaying the email address guscousa@gmail.com.

In an effort to capture the IP address of the individual who posted the files, the RCMP investigator sent two emails from separate undercover email accounts to the email address guscousa@gmail.com. The first email reads as follows:

"Hey mac, I would like to trade with you! Here is a little video of my 9 year old daughter! If you like more let's trade! I like you "Kenzie girl".

Included in that email was a alleged link to the video. The RCMP investigator sent a second email to that same email which read:

"Here is a little something . . . I am into girls, no boys shit".

Attached to that email were 8 links which included similar URL's, "http://www.myvirtualfolder.com/main.php?pthc-2015, the beautiful amanda.avi001."

In Agent Bradstreet's experience the acronym "pthc" stood for "pre-teen hard core." The links contained in the two emails were intended to deceive the reader into believing that by clicking on the link they could access child pornography. In reality, the links enabled the RCMP to obtain the internet address of any individual that clicked on the links. Over the course of the next three days, an individual using the IP address 24.151.90.79 attempted to access the link sent by the investigator one eleven occasions. Once that IP address was captured it led the authorities to the defendant's residence. The affiant also learned that the defendant is a Level II sex offender who was convicted of three counts of rape of a child in 1994.

## DISCUSSION

### The Defendant's Motion for a Franks Hearing

In order to be entitled to a hearing under *Frank v. Delaware,* 438 U.S. 154 (1978), the defendant must make a substantial preliminary showing of a false or reckless statement or omission, and must show that the false statement or omission was necessary to a finding of probable cause. This preliminary showing is substantial and not easily met. Where no proof is offered that an affiant deliberately lied, or recklessly disregarded the truth, a Franks hearing is not required *U.S. v. Moore* 129 F.3rd 1989 (8th Cir.1997).

The Defendant, points to alleged misstatements by the affiant in his description of the images within the "my toy" file album. He argues that the use of the terms "life like infant torso" to describe the torso are deliberately deceptive and misleading because those images are "not life like, do not depict an infant, and that the image is in fact 'realistic solid petite love doll' " which is sold on Amazon.com where it is so described.

Whether Agent Bradstreet mislabeled the torso does not detract from the ample factual basis which provided probable cause to issue the search warrant. The defendant using the name

"ilovemackenzie" posted files on a Russian photo sharing website known for having users who trade sexually explicit images of children. One of those files contained image of a pre-pubescent minor and a second file contained multiple images of the torso in question, complete with vagina and anus. In some of those images, the torso was being penetrated by an adult male penis and in some of the images the torso was partially clothed with children's underwear. Additionally, the RCMP investigator sent suggestive emails with ostensible links to files which contained the acronym for pre-teen hard core. Someone using the Defendant's URL attempted to respond to those links 11 times over a three day period, and the Defendant had been previously convicted of child rape.

While the defendant argues that each of these events have innocent explanations, the issuing magistrate is required to read the facts as a whole and to employ common sense when evaluating the affidavit. Whether Agent Bradstreet's choice of the words "life-like infant torso" is more of an accurate description than "realistic solid petite love doll" misses the point that there is more than sufficient evidence to establish probable cause regardless of how the torso was labeled. Further, I do not find that Agent Bradstreet's use of "life-like infant torso" to be deceptive. Accordingly, the defendant's Motion for a Franks Hearing is **denied.**

## Defendant's Motion to Suppress

The defendant argues that Special Agent Bradstreet's affidavit in support of the search warrant did not provide probable cause for the issuing magistrate to believe that he was attempting to possess child pornography. He alleges that the investigation done by the RCMP was done without there being a sufficient track record to the establish their reliability, that the Russian website and contents accessed by the RCMP did not provide probable cause, that descriptions of the photos contained in the affidavit did not demonstrate probable cause, and that

the language and attachments in the first and second emails that the Defendant attempted to respond to from the RCMP did not provide probable cause.

When taken individually the defendant's discussion of the above data points suggest that the affidavit does not establish a fair probability that the defendant committed the crime of attempted receipt and possession of child pornography. However, this is not the standard that this court is to employ. I am required to decide whether, based on a *totality of the circumstances,* there was a substantial basis upon which the Magistrate Judge could conclude that the subject offense had been committed. *U.S. v. Watzman,* 486 F3rd 1004 (7th Cir. 2007). I am also required not to invalidate a search warrant by interpreting the affidavit in a hyper technical, rather than a common sense manner. *Illinois v. Gates* 62 U.S., 236 (1983). Based upon all of the above, I find that the issuing magistrate judge had probable cause to issue the search warrant. Accordingly, the Defendant's Motion to Suppress is **denied.**

/s/TIMOTHY S. HILLMAN
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE