UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES,** | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **NO. 4:15-40046-TSH** |
| v. | ) | |
| | ) | |
| **BRYAN LARSON,** | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION (Docket No. 208)

**January 19, 2021**

**HILLMAN, D.J.,**

Bryan Larson ("Mr. Larson" or "Defendant") pled guilty to one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2255A(a)(5)(B). I sentenced him to 138 months of imprisonment followed by 5 years of supervised release. His projected release date is April 2, 2025. (Docket No. 212-1).

I denied Mr. Larson's first Motion for Compassionate Release on August 28, 2020. (Docket No. 207). Mr. Larson filed the instant Motion for Reconsideration on December 21, 2020. (Docket No. 293). The United States opposed Mr. Larson's initial Motion (Docket No. 195) but has not filed an opposition to the Motion for Reconsideration. Mr. Larson's Motion for Reconsideration asks that he be released from FMC Devens and allowed to serve the remainder of his sentence under home confinement at his mother and stepfather's home. For the reasons below, the Defendant's Motion for Reconsideration is ***denied without prejudice***.

1

**Discussion**

Section 3582(c) begins with the general principle that "a court may not modify a term of imprisonment once it has been imposed . . ." Upon motion of the Director of the Bureau of Prisons ("BOP") or a defendant,[1] however, a court "may reduce the term of imprisonment (and may impose a term of probation and supervised release with or without conditions that does not exceed the unserved portion of the original terms of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, [2] if it finds that ". . . extraordinary and compelling reasons warrant such a reduction." *Id*. § 3582(c)(1)(A). Congress provided that the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied a list of specific examples." 28 U.S.C. § 994(t).

Although the Commission has not released an updated policy statement addressing when compelling and extraordinary reasons exist for sentence reduction in the context of the COVID-19 pandemic, federal courts have used its most recent November 2018 policy statement as guidance. Under that guidance as it pertains to a defendant's medical condition, compelling and extraordinary circumstances exist when the defendant is suffering from a terminal illness or is: "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within

---

[1] The Defendant must first exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i).
[2] The § 3553(a) factors include: (1) the need for the sentence imposed to, among other factors, reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct; (2) the kinds of sentences available; (3) the kinds of sentences and the sentencing range established by the applicable category of offense and defendant; (4) any pertinent policy statement guidelines issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13.

Upon further consideration of the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to Mr. Larson, I find that he has not met the burden necessary to secure a compassionate release. These factors include: (1) whether the defendant suffers from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover; (2) the health, safety, and living conditions at the facility where the defendant is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of the defendant's remaining sentence.

As a threshold issue, Mr. Larson submitted a compassionate release request to the warden at FMC Devens, which was denied on May 9, 2020. As he has exhausted his administrative remedies, I may reach the merits of his renewed petition for compassionate release.

I denied Mr. Larson's first Motion for Compassionate Release without prejudice on three grounds: 1) that he had only served about 40% of his sentence; 2) that he had not provided evidence to demonstrate that he would not be a danger to the public if released; and 3) that there were only 3 staff and inmate COVID-19 cases at FMC Devens, the BOP facility where is incarcerated.

Since my prior Order, there has been one material change in Mr. Larson's circumstances: as of January 17, 2021, 108 inmate and 16 staff cases of COVID-19 have been reported at FMC Devens, with 270 inmates and 44 staff listed as recovered. BOP, COVID-19 CASES, https://www.bop.gov/coronavirus/ (last visited January 19, 2021). Mr. Larson has informed the Court that as of December 28, his housing unit was the only unit without any documented

COVID-19 cases, but that he expects that will change because many of the inmates in his housing unit have work assignments that place them in close proximity to officers and staff. (Docket No. 209-1).

Mr. Larson's health and personal risk factors have not changed since I denied his first Motion. He is 48 years old, has high blood pressure, high cholesterol, and was twice diagnosed with bronchitis in 2019—medical records show he has been in remission since October 2019. (Docket No. 191 at 27). While his age does not place him in a high COVID-19 risk category according to the Centers for Disease Control and Prevention, the CDC has said that individuals with high blood pressure might be at increased risk for a severe course of illness if they contract the virus. CDC, COVID-19: CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 17, 2021).

Section 3582 also requires me to consider the nature of Mr. Larson's offense and the length of his remaining sentence. I remain concerned that Mr. Larson has served less than 50% of the 138 months to which he was sentenced — a sentence that was already below the U.S. Sentencing Guidelines. Any further reduction risks undermining the deterrent effect of the imposed sentence.

Finally, in my prior order I noted that Mr. Larson had not provided "any convincing evidence that he would not pose a danger to the public were he to be released," such as "an affidavit from his mental health providers suggesting he has made substantial progress in his treatment." (Docket No. 207). Instead of reapplying to the Court with such evidence, Mr. Larson has provided medical records which show that he is following a psychiatric pharmaceutical treatment plan and has completed various educational and vocational programs. (Docket Nos. 212, 213). While commendable, this evidence falls short of what the Court needs to assess whether Mr. Larson can

be safely released.  Mr. Larson states that he has been regularly seeing a psychologist for approximately two years but has not provided recent information about his progress in treatment: the most recent Psychology Services appointment record from either of the two counselors he identified that is available in the record dates back to December 23, 2019 and was provided by the United States in its opposition to his first Motion for Compassionate Release.  (Docket No. 208 at ¶ 6, 209-1 (describing the frequency of Defendant's counseling treatment); Docket Nos. 191-2 at 47; 195-5 at 99-160; 195-6 at 47 (BOP Psychology Services records).  Even if I take into account that Mr. Larson has family members who continue to offer to provide him housing and support should he be released, more is required.

I do not wish to minimize the danger that COVID-19 poses.  COVID-19 can spread rapidly through dense populations like those concentrated in prisons and I agree with the premise that social distancing can be extremely challenging or impossible in prisons.  However, when I balance those risks against the length of Mr. Larson's remaining sentence, his relatively good physical health, that his chronic conditions are common among the inmate population, and the lack of new and convincing evidence that he will not be a danger to the public if released, I find that he has still not met his burden to demonstrate extraordinary and compelling circumstances which justify his release from custody.

## Conclusion

The Defendant's motion is ***denied without prejudice***.  Mr. Larson may renew his motion upon a change in his circumstances or circumstances at FMC Devens, or if he is able to provide additional information showing that his release would not endanger the public.

**SO ORDERED.**

                                                                        */s/ TIMOTHY S. HILLMAN*
                                                                            **TIMOTHY S. HILLMAN**
                                                                               **DISTRICT JUDGE**